UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS K. REILLY
158 Westway Road
Southport, CT. 06890
914-484-3008

                      Plaintiff,

                   v.

DEPARTMENT OF JUSTICE
1425 New York Avenue, N.W.
Washington, D.C. 20005
                      Defendant.

3:16cv2024 (JAM)

## COMPLAINT FOR INJUNCTIVE RELIEF

    1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, to order the production of agency records, concerning audio surveillance tapes derived from "bugs," wiretaps or other means, whether in digital or other formats, (and written transcripts of such tapes) developed during the FBI and IRS investigation of municipal corruption in Bridgeport, Connecticut which resulted in the March 19, 2003 conviction of Joseph P. Ganim (former and current Mayor of Bridgeport, CT.) in the U.S. District Court for the District of Connecticut, which defendant has improperly withheld from plaintiff.

    2. This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

    3. Plaintiff, Thomas Reilly, is a filmmaker associated with Brooklawn Productions, Inc. and is the requester of the records which defendant is now withholding. Plaintiff has requested this information for use in a documentary and/or dramatic narrative and prompt release of the information is essential for the production of such projects.

    4. Defendant Department of Justice is an agency of the United States and has possession of the documents that plaintiff seeks.

    5. By letter dated February 22, 2016 plaintiff requested access to the tapes and transcripts outlined in Paragraph 1 of this Complaint. A copy of this letter is attached as Exhibit 1.

    6. By letter dated February 29, 2016 defendant responded and requested that plaintiff supply information that plaintiff's request qualifies as a "Public Interest Disclosure" or other

basis for which the defendant should supply the information. A copy of this letter is attached as Exhibit 2.

7. On March 9, 2016 defendant provided the information outlining the reasons why defendant's request qualified as a "Public Interest Disclosure." A copy of this letter is attached as Exhibit 3.

8. On May 17, 2016 defendant received two separate letters from the plaintiff which stated, among other things, that "unusual circumstances" apply to the plaintiff's request and delays in processing will delay the processing of plaintiff's request. Copies of both May 17, 2016 letters are attached as Exhibit 4.

9. On July 21, 2016 plaintiff wrote defendant and outlined the reasons why plaintiff is entitled to received the information and materials in plaintiff's February 22, 2016 FOIPA request. A copy of the letter is attached as Exhibit 5.

10. By letter dated July 6, 2016 (but not mailed until August 3, 2016 and received by plaintiff on August 6, 2016) defendant denied plaintiff's request in its entirety on the grounds that it was exempt from disclosure under Exemption (b)(3) and in accordance with 18 U.S.C. 2518. A copy of this letter is attached as Exhibit 6.

11. By letter dated August 15, 2016 plaintiff appealed defendant's July 6, 2016 denial of plaintiff's request. A copy of this letter is attached as Exhibit 7.

12. On September 9, 2016 and again on October 20, 2016 plaintiff requested a status of plaintiff's request and noted that while defendant's August 24, 2016 letter stated plaintiff could contact defendant at a phone number, no phone number was, in fact, listed on defendant's correspondence. Defendant has not responded to the request for a status update or provided a contact phone number. Copies of the plaintiff's October 20, 2016 letter and defendant's August 24, 2016 letter are attached as Exhibit 8.

13. Defendant was statutorily required to render a final decision no later than by September 15, 2016. (Thirty days of plaintiff's August 15, 2016 appeal.) Defendant's failure to respond to the plaintiff's requests or take any action for over 120 days from plaintiff's appeal constitutes willful and constructive final denial by defendant.

14. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(a)(3), and there is no legal basis for defendant's denial of such access.

WHEREFORE, plaintiff requests this Court:

(1) Order defendant to provide access to the requested documents;

(2) Expedite this proceeding as provided for in 28 U.S.C. § 1657;

(3) Award plaintiff costs and reasonable attorneys fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as may deem just and proper.

Respectfully submitted,

Thomas K. Reilly
158 Westway Road
Southport, CT. 06890

Dated: December 12, 2016

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS K. REILLY
158 Westway Road
Southport, CT. 06890
914-484-3008

        Plaintiff,

        v.

DEPARTMENT OF JUSTICE
1425 New York Avenue, N.W.
Washington, D.C. 20005

        Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading/document was mailed on December 12, 2016 to DEPARTMENT OF JUSTICE, 1425 New York Avenue, N.W., Washington, D.C. 20005 identified as: FOIPA Appeal: 1345429-000 -DOJ-AP 2016 004936.

*[signature]*

Thomas K. Reilly

Tom Reilly

158 Westway Road
Southport, CT 06890
tomreilly158@gmail.com

February 22, 2016

VIA U.S. MAIL

David M. Hardy
Section Chief,
Record/Information Dissemination Section
Work Process Unit
170 Marcel Drive
Winchester. VA 22602

**Re: FOIPA Request**

Dear Mr. Hardy,

Kindly process the following FOIPA request:

"Copies of all audio surveillance tapes derived from "bugs", wiretaps or other means, whether in digital or other formats, (and written transcripts of such tapes) developed during the FBI and IRS investigation of municipal corruption in Bridgeport, Connecticut which resulted in the March 19, 2003 conviction of Joseph P. Ganim (former and current Mayor of Bridgeport, CT.) in the U.S. District Court for the District of Connecticut. "

Best Regards,


Tom Reilly



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

February 29, 2016

MR. TOM REILLY
BROOKLAWN PRODUCTIONS, INC
158 WESTWAY ROAD
SOUTHPORT, CT 06890

FOIPA Request No.: 1345429-000
Subject: GANIM, JOSEPH P.
ALL AUDIO SURVEILLANCE OF MARCH
19, 2003 CONVICTION
(JANUARY 01, 1997-DECEMBER 31, 2002)

Dear Mr. Reilly:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI. The FOIPA number listed above has been assigned to your request.

You have requested records concerning one or more third party individuals. The FBI recognizes an important privacy interest in the requested information. You may receive greater access to these records if they exist by providing one of the following: (1) an authorization and consent from the individual(s) (*i.e.*, express authorization and consent of the third party); (2) proof of death (*i.e.*, proof that your subject is deceased); or (3) a justification that the public interest in disclosure outweighs personal privacy (*i.e.*, a clear demonstration that the public interest in disclosure outweighs personal privacy interests). In the absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request, which, if they were to exist, would be exempt from disclosure pursuant to FOIA Exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

Express authorization and consent. If you seek disclosure of any existing records on this basis, enclosed is a Certification of Identity form. You may make additional copies of this form if you are requesting information on more than one individual. The subject of your request should complete this form and then sign it. Alternatively, the subject may prepare a document containing the required descriptive data and have it notarized. The original certification of identity or notarized authorization with the descriptive information must contain a legible, original signature before FBI can conduct an accurate search of our records.

Proof of death. If you seek disclosure of any existing records on this basis, proof of death can be a copy of a death certificate, Social Security Death Index, obituary, or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago.

Public Interest Disclosure. If you seek disclosure of any existing records on this basis, you must demonstrate that the public interest in disclosure outweighs personal privacy interests. In this regard, you must show that the public interest sought is a significant one, and that the requested information is likely to advance that interest.

Fax your request to the Work Process Unit at (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602. If we do not receive a response from you within 30 days from the date of this letter, your request will be closed. You must include the FOIPA request number with any communication regarding this matter.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c). As such, this response is limited to those records, if any exist, that are subject to the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html. Your appeal to OIP must be postmarked or transmitted within sixty (60) days from the date of this letter in order to be considered timely.

The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Request Number in any correspondence to us for proper identification of your request.

For questions on how to reasonably describe your request, please email us at foipaquestions@ic.fbi.gov. You may also visit www.fbi.gov and select "Stats and Services," "FOIA/Records Requests," and "Requesting FBI Records" for additional guidance.

Enclosed for your information is a copy of the FBI Fact Sheet and a copy of the Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

TOM REILLY<br>
158 Westway Road<br>
Southport, CT 06890<br>
tomreilly158@gmail.com

March 9, 2016

VIA U.S. MAIL

David M. Hardy
Section Chief,
Record/Information Dissemination Section
Work Process Unit
170 Marcel Drive
Winchester. VA 22602

Re: OIPA Request 1345429-000

Dear Mr. Hardy,

I.  FOIPA Request No. 1345429-000:

On February 22, 2016 I emailed a FOIPA request for:

"Copies of all audio surveillance tapes derived from "bugs", wiretaps or other means, whether in digital or other formats, (and written transcripts of such tapes) developed during the FBI and IRS investigation of municipal corruption in Bridgeport, Connecticut which resulted in the March 19, 2003 conviction of Joseph P. Ganim (former and current Mayor of Bridgeport, CT.) in the U.S. District Court for the District of Connecticut. "

(Kindly be advised that the revised request is to include any and all *video* surveillance of the investigation described above.)

II. FBI's February 29, 2016 Response:

On February 29, 2016 you wrote me to stating, among other things, that I may receive greater access" to the requested information if I provide : 1) consent from Mayor Joseph P. Ganim, 2) proof Joseph P. Ganim's death or 3) a "justification that the public interest in the disclosure outweighs personal privacy rights."

III. There is a compelling public interest in FOIPA Request No. 1345429-000:

I respectfully submit that there is a compelling public interest for the FBI to fully comply with FOIPA Request 1345429-000 .

In 2003, Mayor Joseph P. Ganim was convicted, after a federal jury trial, of racketeering, racketeering conspiracy, extortion, honest services mail fraud and bribery, among other

charges. His conviction was upheld in full by the 2d. Cir in 2007. Joseph Ganim subsequently served seven years in jail.

In 2015 Joseph P. Ganim was re-elected mayor of Bridgeport.

Once an elected official engages in corruption and self dealing, the general public loses faith in their elected officials and cynicism and apathy sets in the community at all levels. Cities filled with cynicism and apathy are rich fields for party bosses who pad payrolls with family and cronies and siphon off public funds for private gain.

Communities which have long been plagued by public corruption rarely root out the deep seated corruption after a handful of high profile convictions. Communities rationalize that people 'change' or others closely associated with the convicted public officials will somehow be chastened by the criminal convictions. Unfortunately, history has proven otherwise: in most cases where public corruption has flourished it wages a successful come back after a new public official is installed by party bosses. In many instances, the public official who was sent to prison is even re-elected by the city or town which he or she stole from.

Only an airing of public corruption investigations and trials will remind the community that unless they remain vigilant, public corruption will seep back into the offices of their public officials. Thus, the public has a compelling interest to see and hear the actions and conduct exhibited in all surveillance tapes associated with the investigation of municipal corruption in Bridgeport, Connecticut which resulted in the March 19, 2003 conviction of Joseph P. Ganim.

IV. FOIPA Request No. is consistent with the FBI's long standing practice of disseminating video and audio surveillance materials concerning public corruption and organized crime.

There are countless examples of the FBI both releasing surveillance materials for documentaries and other uses as well as the FBI directly publicizing the audio and visual tapes of the investigations concerning public corruption and other crimes.

Some of the more notable FBI surveillance tapes which have been released to the public include:

- William Jefferson: https://www.fbi.gov/news/stories/2013/april/a-look-back-at-the-william-j.-jefferson-corruption-case
- Marion Barry : http://abcnews.go.com/topics/news/us/marion-barry.htm?mediatype=Video
- FBI's ABSCAM tapes have been released in their entirety. ( https://www.youtube.com/watch?v=l-HfC2-tKVg)

- The Company Man: Surveillance (Videos.https://www.fbi.gov/news/stories/2015/july/economic-espionage/economic-espionage)
- National Geographic: Inside Manhattan Mob Rampage. (http://www.dailymotion.com/video/x108cdc_national-geographic-manhattan-mob-rampage-lucchese-crime-family-gaspipe-casso-little-al-d-arco-fat-p_news)
- History Channel. Mafia in the United States. (http://www.history.com/topics/mafia-in-the-united-states)

FOIPA Request No. 1345429-000 is consistent with the FBI's long standing practice of releasing and publicizing actual surveillance tapes to the public and hence the materials identified in the FOIPA request should be also released to the public.

V. FOIPA Request No. 1345429-000 is not subject to any FOIA exemption and should be released forthwith.

VI. Mayor Joseph P. Ganim has no privacy rights associated with materials (audio and video surveillance tapes) that directly led to his conviction .

For the above mentioned reasons, I request that the FBI continue processing FOIPA Request No. 1345429-000


Sincerely yours,


Tom Reilly



U.S. Department of Justice

Federal Bureau of Investigation
Washington, D.C. 20535

May 17, 2016

MR. TOM REILLY
BROOKLAWN PRODUCTIONS, INC
158 WESTWAY ROAD
SOUTHPORT, CT 06890

FOIPA Request No.: 1345429-000
Subject: GANIM, JOSEPH P.

Dear Mr. Reilly:

Please be advised that we have determined "unusual circumstances" apply to the processing of your request.  See 5 U.S.C. § 552 (a)(6)(B)(iii).  "Unusual circumstances" include one or more of the following scenarios:

There is a need to search for and collect records from field offices and/or other offices that are separate from the FBI Record/Information Dissemination Section (RIDS).

There is a need to search for, collect, and examine a voluminous amount of separate and distinct records.

There is a need for consultation with another agency or two or more DOJ components.

These "unusual circumstances" will delay our ability to make a determination on your request.  Additionally, the payment of pertinent fees may apply to your request.  See 5 U.S.C. § 552 (a)(4)(A)(viii).

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us."  The FOIPA Request number listed above has been assigned to your request.  Please use this number in all correspondence concerning your request.  Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within sixty (60) days from the date of this letter in order to be considered timely.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division

U.S. Department of Justice



Federal Bureau of Investigation
*Washington, D.C. 20535*

May 17, 2016

MR. TOM REILLY
BROOKLAWN PRODUCTIONS, INC
158 WESTWAY ROAD
SOUTHPORT, CT 06890

FOIPA Request No.: 1345429-000
Subject: GANIM, JOSEPH P.
(ALL AUDIO SURVEILLANCE OF MARCH 19, 2003 CONVICTION)

Dear Mr. Reilly:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to the FBI.

☑ Your request has been received at FBI Headquarters for processing.

☐ Your request has been received at the _____ Resident Agency / _____ Field Office and forwarded to FBI Headquarters for processing.

☑ We are searching the indices to our Central Records System for the information responsive to this request. We will inform you of the results in future correspondence.

☐ The subject of your request is currently being processed for public release. Documents will be released to you upon completion.

☐ Release of responsive records will be made to the FBI's FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☐ Your request for a fee waiver is being considered and you will be advised of the decision at a later date. If your fee waiver is denied, you will be charged fees in accordance with the category designated below.

☑ For the purpose of assessing fees, we have made the following determination:

  ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

  ☐ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

  ☑ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check for the status of your FOIPA request at www.fbi.gov/foia by clicking on **Check the Status of Your FOIPA Request** under **Records Available Now** located on the right side of the page. Status updates are adjusted weekly. The status of newly assigned requests may not be available until the next weekly update. If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

Tom Reilly

158 Westway Road
Southport, CT 06890
tomreilly158@gmail.com

July 21, 2016

VIA U.S. MAIL

David M. Hardy
Section Chief,
Record/Information Dissemination Section
Work Process Unit
170 Marcel Drive
Winchester. VA 22602

Re: FOIPA Request 1345429-000 - FOURTH STATUS REQUEST

Dear Mr. Hardy:

On February 22, 2016 I submitted FOIPA Request No. 1345429-000 and on March 9, 2016 I submitted my response to your request for a justification for my FOIPA request. I subsequently sent April 9, 2016 and May 7, 2016 requests for an update on the status of my FOIPA request.

I received two responses from you on May 17, 2016 which are some at odds with one another. (Both May 17, 2016 responses are attached hereto.) I appreciate your responses and the indication that your determination will be delayed but stress that my request is not unusual in any way. In fact, requesting for tapes of convicted felons is consistent with the FBI's long standing practice of publishing similar audio and video surveillance tapes.

As I noted in my March 9, 2016 letter to you:

IV. FOIPA Request No. 1345429-000 is consistent with the FBI's long standing practice of disseminating video and audio surveillance materials concerning public corruption and organized crime.

There are countless examples of the FBI both releasing surveillance materials for documentaries and other uses as well as the FBI directly publicizing the audio and visual tapes of the investigations concerning public corruption and other crimes.

Some of the more notable FBI surveillance tapes which have been released to the public include:

- William Jefferson: https://www.fbi.gov/news/stories/2013/april/a-look-back-at-the-william-j.-jefferson-corruption-case
- Marion Barry : http://abcnews.go.com/topics/news/us/marion-barry.htm?mediatype=Video
- FBI's ABSCAM tapes have been released in their entirety. ( https://www.youtube.com/watch?v=l-HfC2-tKVg)
- The Company Man: Surveillance (Videos.https://www.fbi.gov/news/stories/2015/july/economic-espionage/economic-espionage)
- National Geographic: Inside Manhattan Mob Rampage. (http://www.dailymotion.com/video/x108cdc_national-geographic-manhattan-mob-rampage-lucchese-crime-family-gaspipe-casso-little-al-d-arco-fat-p_news)
- History Channel. Mafia in the United States. (http://www.history.com/topics/mafia-in-the-united-states)

FOIPA Request No. 1345429-000 is consistent with the FBI's long standing practice of releasing and publicizing actual surveillance tapes to the public and hence the materials identified in the FOIPA request should be also released to the public."

Kindly let me know the status of my FOIPA request and accept this letter as the fourth request for information regarding the status of FOIPA Request No. 1345429-000.

Best Regards,


Tom Reilly

U.S. Department of Justice



Federal Bureau of Investigation

*Washington, D.C. 20535*

July 6, 2016

Mr. TOM REILLY
BROOKLAWN PRODUCTIONS, INC
158 WESTWAY ROAD
SOUTHPORT CT 06890

FOIPA Request No.: 1345429-0
Subject: Ganim, Joseph
(All audio Surveillance of the Conviction in March 19, 2003)

Dear: MR. REILLY

This is in reference to the above Freedom of Information Act (FOIA) request. Audio and video records were reviewed, and it was determined that they should be withheld in their entirety pursuant to exemption (b)(3) and in accordance with 18 U.S.C. 2518.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within sixty (60) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Sincerely,

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Records Management Division

Enclosure

APPEAL LETTER:

Tom Reilly

158 Westway Road
Southport, CT 06890
tomreilly158@gmail.com
914-484-3008

**Certified Mail - Return Receipt Requested**

August 15, 2016

Director
Office of Information Policy (OIP)
United States Department of Justice
Suite 11050
1425 New York Avenue, NW
Washington, D.C. 20530-0001

**FOIPA Appeal: 1345429-000**

Dear Director:

This is an appeal under the Freedom of Information Act, 5 U.S.C. § 552.

On February 22, 2016 I submitted the above referenced FOIA request to your agency for all audio surveillance tapes derived from "bugs", wiretaps or other means, whether in digital or other formats, (and written transcripts of such tapes) developed during the FBI and IRS investigation of municipal corruption in Bridgeport, Connecticut which resulted in the March 19, 2003 conviction of Joseph P. Ganim (former and current Mayor of Bridgeport, CT.) in the U.S. District Court for the District of Connecticut. "

From February 29, 2016 May 7, 2016, your agency indicated that it was reviewing my request and "unusual circumstances" applied to its processing.

On August 3, 2016 your agency sent a letter dated July 6, 2016 denying my request on the grounds that the requested information "should be withheld *in*

*their entirety* pursuant to exemption (b)(3) and in accordance with 18 U.S.C. 2518." (emphasis added) Copies of my request and the denial are enclosed.

I respectfully submit that, at the very minimum, the portions of the requested information which were introduced in federal court has long been recognized as clearly releasable under FOIPA.

In United States vs. Rosenthal, 763 F. 2d 1291, 1294 (11th Cir. 1985) the court held that the exemptions you cite as controlling create "no independent bar to the public's right of access to judicial materials with respect to wiretap materials legally intercepted and admitted into evidence pursuant to the statute." This principle is also supported by United States v. Dorfman, 690 F.2d 1230 (7th Cir. 1982)

As a film maker, my request is wholly consistent with the materials which were provided in the Abscam cases. In re Application of National Broadcasting Company, Inc., 635 F.2d 945 (2d Cir. 1980). It merits noting that in the Abscam cases the networks were permitted copies of the videotapes even though the prosecution was in progress. In my case, the trial in question was completed over 13 years ago.

Further, in my March 9, 2016 letter for clarification I stated that there are strong public interest reasons why this material should be released, not least of which, it is wholly consistent with law enforcement's interest of deterring public corruption.

I trust that upon re-consideration, you will reverse the decision denying me access to the requested material and grant my original request or the portions of the request that were presented in court. However, if you deny this reasonable appeal, I intend to initiate a lawsuit to compel disclosure of information concerning historically significant events which law enforcement has already introduced in criminal court.

As I have made this request in the capacity of a film maker and this information is of timely value, I would appreciate your expediting the consideration of my appeal in every way possible. In any case, I will expect to receive your decision within 20 business days, as required by the statute.

Thank you for your assistance.

Very truly yours,


Thomas K. Reilly

Tom Reilly<br>
158 Westway Road<br>
Southport, CT 06890<br>
tomreilly158@gmail.com<br>
914-484-3008

**Certified Mail - Return Receipt Requested**

October 20, 2016

Ms. Priscilla Jones
Supervisory Administrative Specialist
Office of Information Policy (OIP)
United States Department of Justice
Suite 11050
1425 New York Avenue, NW
Washington, D.C. 20530-0001

**FOIPA Appeal: 1345429-000**
**DOJ-AP 2016 004936**

Dear Ms. Jones,

  This letter follows my September 9, 2016 request for an update on my appeal regarding the above referenced FOIPA appeal. My appeal was made on August 15, 2016 and pursuant to the FOIPA regulations the DOJ had 30 days thereafter to make a decision for an appeal.

Continued delays with our FOIPA appeal are hindering our ability to work on a project of public interest. We are prepared to go to court to enforce our rights and kindly find a draft of our court papers which will be filed later this month in the event that your office continues to prolong the delays. As a matter of reference, our FOIPA request was made in February 2016, over eight months ago.

As I noted in my September 9, 2016 correspondence, your email references a phone number to contact you but amazingly omits such a number from the letter. A response, even a denial, from your office would be greatly appreciated.

Best Regards,


Thomas Reilly

1425 New York Avenue N.W.
Suite 11050
Washington, DC 20005

Thomas K. Reilly
158 Westway Road
Southport, CT 06890

August 24, 2016

Dear Mr. Thomas K. Reilly,

This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation regarding Request No. 1345429-000 was received by this Office on 08/18/2016.

The Office of Information Policy has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number DOJ-AP-2016-004936. Please mention this number in any future correspondence to this Office regarding this matter. Please note that if you provide an e-mail address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at the number above. If you have submitted your appeal through FOIAonline, you may also obtain an update on the status of your appeal by logging into your account.

Sincerely,

*[signature]* for

Priscilla Jones

Supervisory Administrative Specialist