UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS K. REILLY<br>158 Westway Road<br>Southport, CT. 06890<br>914-484-3008<br><br>      Plaintiff,<br><br>      v.<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530-0001<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 3:16-cv-2024 (JAM)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR
<u>RECUSAL PURSUANT TO 28 U.S.C. 455(a)</u>**

  1. Plaintiff's complaint for injunctive action was filed with this Court on December 16, 2016. At the sole hearing before this Court on April 3, 2017, the Honorable Jeffrey A. Meyer informed the parties that he had been employed as an AUSA by the Department of Justice ("DOJ"), and as such, may have conflicts in this matter since the defendant is the DOJ. Given the Court's failure to acknowledge the acute time sensitiveness and heightened public interest in the FOIA materials which the plaintiff seeks coupled with the Court's apparent tolerance of the DOJ's egregious conduct that includes knowingly withholding responsive materials, the plaintiff respectfully requests that the Honorable Jeffrey A. Meyer recuse himself from this matter.

  2. Section 455(a) requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The goal of section 455(a) is

to avoid even the appearance of partiality," *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988). In other words, so long as a judge's impartiality might reasonably be questioned, recusal is required "even though no actual partiality exists ... " *Liljeberg, Id.* at 860. The Honorable Jeffrey A. Meyer's comments regarding his former association with the DOJ underscores that the Court is aware that it may be prudent to recuse himself since his "impartiality might reasonably be questioned…even though no actual partiality exists ". *Liljeberg, Id.* at 860.

3. Throughout the pendency of this matter, the plaintiff has respectfully and repeatedly noted that the subject matter of his FOIA request constitutes a story of extreme public interest and has a limited shelf life due to impending elections in Connecticut. Accordingly, plaintiff has made over six (6) formal requests that the Court move this matter with due dispatch. This Court has remained unmoved by each and every one of plaintiff's pleas that this FOIA action be infused with a sense of urgency.

4. As weeks and months passed without any Court action, the plaintiff was compelled to make three (3) motions for an expedited ruling; the first on May 5, 2017 and the third on May 25, 2017. The Court denied the first and second motions without prejudice and, at the time of this recusal motion, which is seven (7) seven calendar days after plaintiff's third motion for an expedited hearing, the Court has been fully non responsive to the plaintiff's third motion for an expedited ruling.

5. On May 2, 2017 , 2017 (prior to the plaintiff's first motion for an expedited ruling) this Court issued an Order referring this case to Judge Fitzsimmons "for Settlement." [1]

6. At the May 18, 2017 meeting with Judge Fitzsimmons the plaintiff learned, for the first time, that some or all of the tapes and transcripts sought in this FOIA action are likely in the files of the U.S. federal prosecutors office in Hartford, CT. At this time, the defendant is taking the facially unsupportable position that the tapes which "may be responsive" to plaintiff's FOIA request and are in the DOJ's possession, fall outside the matter before this Court. Fifteen (15)

---

[1] Judge Fitzsimmons' biography indicates she also was employed by the DOJ and, as such, this motion is equally applicable to any Magistrate with prior connections to the DOJ.

days after meeting with Judge Fitzsimmons on May 18, 2017 neither this Court nor Judge Fitzsimmons has once communicated with the parties or taken action of any sort.

7. This matter requires a Judge, unaffiliated with the DOJ, to both enforce the plain language of the FOIA , investigate the facts behind the "troubling" destruction of files concerning *United States v. Ganim* and press ahead with imposing appropriate sanctions against the DOJ for its egregious conduct which include:

- Knowingly and intentionally failing to inform the Court that the DOJ possessed files that were likely to be fully responsive to plaintiff's FOIA request when asked by the Court on April 4, 2017 if the plaintiff had named the correct parties in this matter;
- Refusing to comply with Judge Fitzsimmons' request for information concerning issues that are directly before this court; and
- Obstructing the plaintiff's legitimate FOIA request on the preposterous and unsupportable grounds that the materials located in the U.S. prosecutors' files in Hartford, CT are not covered by the action before this Court.

8. From December 12, 2016 to June 1, 2017, the parties and Court have filed forty one (41) motions, notices and filings, including this one, in this case. Despite this flurry of digital activity, except for the defendant conceding on April 17, 2017 that the public domain doctrine applies to tapes played in open court in *United States v. Ganim*, this matter has not progressed an inch. This lack of action is only equalled by the Court's lack of issuing any sort of admonition or condemnation against the DOJ for its blatant misconduct outlined in paragraph seven (7) above.

9. The standard for assessing whether section 455(a) requires disqualification is thus "an objective one" that "involves ascertaining whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991). In this case, a reasonable person could conclude that impartiality is behind the Court's refusal to treat this matter with expediency despite the unequivocal facts that time is of the essence and this matter involves a matter of extreme public interest. A reasonable third party would also likely be confused by the Court's general acquiescence to the DOJ's defiance of the Magistrate who is acting in the Court's stead, to say

nothing of the DOJ's admission that it is sitting on records that are likely responsive to the plaintiff's FOIA request and are at the heart of this federal complaint. Thus, given the Court's exercise of extreme patience towards the DOJ in this pressing matter, a reasonable person could question if this Court views the DOJ's actions through an unduly sympathetic lens.

10. FOIA generally requires every federal agency, including the DOJ, to make "promptly available" records that any person requests. 5 U.S.C. § 552(a)(3)(A). Congress enacted FOIA to implement "a general philosophy of full agency disclosure." Reporters Committee, 489 U.S. at 754 (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 360 (1976)). FOIA's purpose is "crystal clear": "[T]o pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Rose*, 425 U.S. at 361. In this case, the DOJ has acted in a polar opposite manner to Congress's clear intentions for FOIA. The DOJ's every action has been to reinforce the "veil of administrative secrecy" and thwart the clear underpinnings of the FOIA. The record reflects that the Court in the face of DOJ's actions has not compelled the DOJ to "promptly" make the FOIA materials available to the plaintiff (which even the DOJ admits are covered by the public domain doctrine) and has acquiesced to the DOJ's improper conduct and, as such, should recuse himself from this matter.

11. On April 17, 2017 the DOJ stated to this Court that the DOJ "…agrees that the audio or visual recordings (and transcripts thereof) that were marked and admitted as full exhibits in the *United States v. Ganim* trial fall within the public domain exception, and would have been subject to release to the Plaintiff if they had been found during the agency's search."[2] When the DOJ made this representation to the Court, the DOJ representatives knew that tapes and other materials that "may be" responsive to the plaintiff's FOIA request were located in its own offices in Hartford, CT. A reasonable person would believe that a Judge without any connection to the DOJ would find the DOJ's actions patently offensive to both the letter and spirit of the FOIA and not tolerate the DOJ's feeble claim that the plaintiff's complaint does not encompass plaintiff's FOIA request.

12. The bottom line is that the question of whether the plaintiff is entitled to the tapes which were played in open court in *United States v. Ganim* has been answered and admitted to

---

[2] Page 8, Defendant's Memorandum in Support of Partial Summary Judgment, April 17, 2017.

by the DOJ. However, since the Court has elected to forego any action in the face of DOJ's bamboozling throughout all phases of this matter, a strong message has been to the DOJ that it can continue to thwart both the letter and spirit of the FOIA with impunity. Such a message raises fundamental questions of the Court's impartiality.

## CONCLUSION

For the reasons stated above, the plaintiff respectfully requests that the Honorable Jeffrey A. Meyer recuse himself immediately and this matter be forwarded to a Judge without any prior association to the DOJ.

Respectfully submitted,


Dated: June 2, 2017

_____

THOMAS K. REILLY


## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2017, the foregoing motion in opposition of the defendant's Motion for a partial summary judgment was filed electronically. Notice of this filing will be sent by e-mail to all parties by the Court's electronic filing system.

_____

THOMAS K. REILLY