UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS K. REILLY,
    *Plaintiff*,

v.

DEPARTMENT OF JUSTICE,
    *Defendants*.

No. 3:16-cv-02024 (JAM)

**ORDER GRANTING MOTION FOR RECUSAL**

    This case involves a lawsuit under the Freedom of Information Act (FOIA). Plaintiff is a film-maker who is engaged in making a film about Joseph P. Ganim, who currently serves as the mayor of Bridgeport, Connecticut. Plaintiff seeks disclosure from the Federal Bureau of Investigation and the U.S. Department of Justice (DOJ) of wiretap recordings made in connection with the prior investigation and prosecution of Ganim that resulted in the conviction of Ganim after a jury trial in 2003. *See generally United States v. Ganim*, 510 F.3d 134 (2d Cir. 2007); *United States v. Ganim*, 256 Fed. Appx. 399 (2d Cir. 2007). Because the DOJ has declined to disclose the documents requested by plaintiff, he filed this lawsuit to compel disclosure. Doc. #1.

    Plaintiff has now moved to recuse me as the judge in this case on the ground that I served as an Assistant U.S. Attorney in the U.S. Attorney's Office at the same time that the investigation and prosecution of Joseph Ganim occurred. This was a fact that I disclosed to the parties at the initial status conference that I convened with the parties on April 3, 2017. Doc. #40 at 3. As I made clear during the status conference, I was not a prosecutor in that case. *Ibid.*; *see also United States v. Joseph P. Ganim*, 3:01-cr-00263-JBA (docket sheet listing counsel names). Nor do I have any recollection of otherwise participating in the investigation or prosecution, and

1

I do not have personal knowledge concerning the disposition of any records from the investigation and prosecution.

In addition, I do not have a personal bias in favor of the U.S. Department of Justice, whether in general or because of my prior work for the Department of Justice that ended more than 12 years ago. Accordingly, my recusal is not required pursuant to 28 U.S.C. § 455(b)(1) (requiring recusal if judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"), or pursuant to 28 U.S.C. § 455(b)(3) (requiring recusal if a judge "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy").

On the other hand, because of the fact that I worked in the U.S. Attorney's Office at the same time of the very high-profile investigation and prosecution of Joseph Ganim and because plaintiff now complains about my impartiality, I conclude on further consideration that my continued participation could create an *appearance* that I would not be fair and impartial. *See* 28 U.S.C. § 455(a) (requiring disqualification of a judge "in any proceeding in which his impartiality might reasonably be questioned"). As the Supreme Court has observed, "the goal of section 455(a) is to avoid even the appearance of partiality," and "[i]f it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists because the judge does not recall the facts, because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

In an abundance of caution and in light of the fact that this litigation has now turned toward a focus on the record-keeping policies of the U.S. Attorney's Office as distinct from the FBI (Doc. #39), I think the appropriate course is for me to recuse myself so that the case may be randomly reassigned by the Clerk Office's to another judge who was not working at the U.S. Attorney's Office at the relevant times of the investigation and prosecution of Joseph Ganim.[1]

Although I conclude that I should recuse myself, I do not agree with plaintiff's complaint that I have delayed the litigation of this case. The docket shows that following plaintiff's motion for summary judgment and as soon as it became clear from the parties' filings on March 28 and March 29, 2017, that the parties had reached a scheduling impasse, I set an in-person status conference that took place on April 3, 2017. *See* Docs. #16 and #17 (notices of e-filed calendars of March 30, 2017); Doc. #40 (transcript of status conference of April 3, 2017).

At the status conference I ordered the DOJ to disclose within seven days an exhibit list from the Ganim trial and in contemplation that the DOJ would and should promptly disclose any wiretap recordings that had been played in open court during the Ganim trial. *See* Doc. #40 at 28-29 (stating that wiretaps that were played in open court during trial would "clearly" be "non-exempt" from disclosure under FOIA and that "every effort should be made to identify and find the exhibit list from that trial so that we know what that is, and then [for] the FBI to conduct is search for the underlying records that are responsive to that"); *id.* at 30 (stating that once the DOJ produced the exhibit list from trial, then "it seems to me the response should be you've got an exhibit list now, you now know what's in the public domain and you're forthwith making efforts

---

[1] There are no other federal judges or federal magistrate judges in the District of Connecticut who worked in the United States Attorney's Office during the early 2000's at the time of the investigation and prosecution of Joseph Ganim. There is otherwise no merit to plaintiff's claim that any judge "with any prior connections" to the DOJ would be subject to recusal. Doc. #41 at 2 n.1. As a judge in this District, I routinely and permissibly hear criminal and civil matters involving DOJ as a party and/or counsel and that involve matters that were not in existence at the time that I worked for the U.S. Attorney's Office more than 12 years ago. *See, e.g., United States v. Thompson*, 76 F.3d 442, 450-51 (2d Cir. 1996).

to actually produce the information that's in the public domain"); Doc. #19 (detailed docket order).[2]

Following the DOJ's court-ordered disclosure of the trial exhibit list, DOJ filed a cross-motion and memorandum for partial summary judgment on April 17, 2017. *See* Docs. #23 and #23-2. Although DOJ now conceded that any recordings played at trial would not be exempt from disclosure, it maintained that the FBI—the agency to whom plaintiff had initiated his FOIA request—had been unable to locate in its files any of the recordings that were played at trial. *See* Doc. #23-2 at 8. On April 18, 2017, plaintiff filed an objection to DOJ's motion, insisting that DOJ should be able to identify the recordings in its possession that were played at trial. Doc. #25. The DOJ in turned filed a reply on May 1, 2017, insisting again that the review of FBI records could not ascertain which of the recordings had been played at trial. *See* Doc. #27 at 3.

In light of the parties' continued impasse, I referred this case the next day to Magistrate Judge Holly B. Fitzsimmons for a case management/settlement conference. Doc. #28. As with most such referrals to a magistrate judge, my goal was to expedite and facilitate the parties' discussion in light of their disagreement about the basic facts concerning the adequacy of DOJ's search efforts.

Plaintiff filed a motion for reconsideration of my referral to Judge Fitzsimmons, requesting that the Court instead enter an expedited argument schedule on the parties' cross-motions for summary judgment. Doc. #34. I denied this motion, stating that "[i]t is the Court's

---

[2] As to any recordings that were *not* played in open court, plaintiff expressly consented at the Court's status conference to the DOJ's proposal for a different and longer scheduling track that contemplates the Government's filing of a *Vaughn* index. Doc. #40 at 37 (statement by plaintiff that "I'm okay [with the DOJ's proposed schedule], if they adhere to the strict terms of their own schedule, I'm okay with that."); Doc. #19 (docket order stating as to non-public recordings that "the parties agreed during yesterday's conference that the Government shall file its *Vaughn* index by August 27, 2017, after which the plaintiff will file any further motion for summary judgment within 30 days"). More recently, plaintiff has changed his mind and seeks expedited consideration as well for his claim of access to non-public recordings generated during the Ganim investigation. *See* Doc. #34 at 6 & n.4; Doc. #39 at 9 & n.6.

intent that the parties meet with Judge Fitzsimmons, and the motion for reconsideration does not persuade the Court that it should expedite resolution of this case prior to the parties' meeting with Judge Fitzsimmons." Doc. #35.

Judge Fitzsimmons met with the parties on May 18, 2017, requiring that DOJ file a supplemental submission by May 24, 2017. *See* Doc. #37. Following DOJ's submission, plaintiff once again moved for expedited consideration on May 25, 2017, and then filed the motion to recuse me on June 1, 2017. *See* Docs. #39 and #41.

For the reasons set forth above, the motion to recuse (Doc. #41) is GRANTED pursuant to 28 U.S.C. § 455(a) on the ground that my prior service in the U.S. Attorney's Office at the same time as the trial of Joseph Ganim may create an appearance that I could not be fair and impartial in this case. In granting this motion, I do not agree with plaintiff's contention that I have improperly delayed resolution of his claims. The Clerk of Court is requested to reassign this case in accordance with its standard procedures.

It is so ordered.

Dated at New Haven this 12th day of June 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge